IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE L. CAMACHO et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No.  SA-19-CV-23-XR |
| § | |
| FORD MOTOR COMPANY, § | |
| § | |
| *Defendant.* § | |
| § | |
| § | |

## ORDER ON MOTION TO AMEND JUDGMENT

On this date, the Court considered Plaintiffs' motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (docket no. 49) and Defendant's response (docket no. 52). For the following reasons, Plaintiffs' motion is DENIED.

### BACKGROUND

Plaintiffs Jose, Maria, Fabian, and Luis Camacho (collectively, "Plaintiffs") brought this products liability action after a rollover crash of a Ford truck on August 6, 2017 near Nuevo Laredo, Mexico. Docket no. 44 at 1. Plaintiffs brought suit against Ford, claiming strict products liability and negligence. Docket nos. 1, 32. On January 16, 2020, this Court granted Defendant's motion for summary judgment, finding that Plaintiffs' claims were time-barred by the Texas statute of repose for products liability actions, which reads:

> Except as provided by Subsections (c), (d), and (d–1), a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of sale of the product by the defendant.

TEX. CIV. PRAC. & REM. CODE § 16.012(b). The Court found that the relevant "date of sale" triggering the 15-year deadline was October 6, 2003. Docket no. 44 at 10. Plaintiffs brought suit

on January 10, 2019, so the Court found the action was time-barred because more than 15 years passed since the date of sale by the defendant. *Id.* at 11. The Court further found that the statute of repose was not tolled for Plaintiff Fabian Camacho's minority age at the time of the accident. *Id* at 11–12. On that same date, January 16, 2020, the Clerk entered judgment in favor of Defendant. Docket no. 45. Plaintiffs then timely filed this Rule 59(e) motion seeking an alteration or amendment to the Court's judgment.

## DISCUSSION

### I.  Standard of Review

Federal Rule of Civil Procedure 59(e) allows a court "to prevent a manifest injustice" by altering or amending a judgment upon a timely motion. FED. R. CIV. P. 59(e); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). There are three limited circumstances in which such a motion may be granted: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The only ground alleged in this case is "manifest error." To find such an error, the error must be "plain and indisputable" and one "that amounts to a complete disregard of the controlling law." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018).

A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issues." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor can it be used to "relitigate old matters" that have already been resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). A Rule 59(e) motion "calls into question the correctness of a judgment" and "is an extraordinary remedy that should be used sparingly." *Id.* at 478–79 (internal citations omitted). A court, in considering such a motion, must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.* at 479. Though the court must consider these competing interests, Rule 59(e) favors the denial of a motion to alter or amend a judgment. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**II.   Analysis**

In their motion, Plaintiffs argue that the Court should amend its granting of summary judgment due to a "manifest error." They argue that Defendant selectively cited relevant facts, ignored others, and misapplied the law to those facts. Docket no. 49 at 2. In addition, they argue, Defendant relied on hearsay and conclusory, contradictory testimony from Defendant's corporate representatives. *Id.*[1] As to the merits, Plaintiffs argue that the Court was incorrect in finding that the wholesale or "release" date was the relevant date of sale under the Texas statute of repose.[2] Plaintiffs contend that the relevant date is either the date of titling or registration of the vehicle as

---

[1] Plaintiffs raised these same evidentiary arguments at the summary judgment stage, and the Court rejected each. *See* docket no. 44 at 2–3, n. 2–4. The same goes for Plaintiffs' arguments that Defendant's evidence is "contradictory and unproven." Plaintiffs already raised those same arguments, used the same evidentiary support, and relied on the same cases to argue as such. A Rule 59(e) motion is not intended to "rehash" the same arguments and same facts that have already been presented to the Court for consideration. *Templet*, 367 F.3d at 479.

[2] Plaintiffs' motion states that "The relevant 'date of sale' under the Texas products liability statute of repose is the date of first sale." Docket no. 49 at 3. This rather starkly omits the crucial phrase "by the defendant" as found in the Texas products liability statute of repose—a phrase the Court found to be critical insofar as it distinguishes Texas's statute of repose from other states' consumer-centric statutes. *See* docket no. 44 at 7 (citing *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 332 (5th Cir. 2011)). Other states fix the statutory period, for example, "after the date of initial purchase *for use or consumption*," but Texas fixes the period at the "date of sale *by the defendant*." *Id.* at 333 (quoting N.C. GEN. STAT. § 1–50(6)(2008) and TEX. CIV. PRAC. & REM. CODE §16.012(b) (emphasis added)).

set forth in the Certificate of Title Act, a provision in the Texas Transportation Code. *Id.* at 15. Under the Plaintiffs' proposed analysis, the "date of sale" for purposes of the statute of repose would be within the 15-year statute of repose deadline as set forth in Section 16.012 of the Texas Civil Practice and Remedies Code. *Id.* at 3, 6.

Plaintiffs, however, have already presented these same arguments to the Court, and the Court has rejected them. Indeed, much of the language in Plaintiffs' motion is drawn directly—verbatim—from their response to Defendant's motion for summary judgment. *Compare* docket no. 49 ¶ 3 *with* docket no. 29 ¶ 2. Plaintiffs have already proposed that the Texas Certificate of Title Act supplies the relevant date of sale, and the Court rejected that theory. Docket no. 44 at 8–10. The Transportation Code itself contains a preemption provision, there is no precedent applying that Code to the products liability statute of repose,[3] and the application of the Transportation Code's definition would render meaningless the "by the defendant" language in Section 16.012, contrary to the requirement that courts construe statutes to give meaning to all of their words. *Id.* at 9–10.  The Court also detailed multiple policy reasons to find the Transportation Code inapplicable, such as the potentially limitless liability to which Plaintiffs' reading of the statute of repose would subject a manufacturer, contrary to the intent behind statutes of repose in providing "absolute protection for certain parties from the burden of indefinite potential liability." *Id.* at 10. Plaintiffs' motion presents no new legal arguments, instead rehashing evidence and legal theories that have already been presented in detail to this Court. *Templet*, 367 F.3d at 479; *Baker*, 544 U.S. at 485 n.5.

---

[3] In Plaintiffs' motion, they take issue with the Court's finding that the application of the Certificate of Title Act in this scenario would be unduly "innovative." Docket no. 49 n.6. They argue that "Plaintiffs are not responsible for the fact that the COTA was not raised in previous cases in which they were not parties." That is certainly true.  Plaintiffs are, however, responsible for providing statutory or precedential support for their arguments, and it is "not for [the Court] to adopt innovative theories of…Texas law, but simply to apply that law as it currently exists." *Barnett v. DynCorp Int., LLC*, 831 F.3d 296, 307 (5th Cir. 2010).

Plaintiffs also argue that the Court erred in finding that the statute of repose is not tolled for minority age. Docket no. 40 at 19–23. As with the relevant date of sale, however, Plaintiffs here offer legal theories and cases that have already been presented to and considered by the Court. Plaintiffs do, however, submit a new piece of evidence: an unredacted passport photo showing the full birthdate of Fabian Camacho. In its order granting summary judgment, the Court noted that it could not determine Fabian's birthday given the redacted passport provided to the Court. However, the addition of this evidence, as the Court noted in its order, "is immaterial because the Texas statute of repose does not toll for minor age." Docket no. 44 at 1 n. 1 (citing *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010)). After all, "[a] statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred." *Rankin*, 307 S.W.3d at 290.

Certainly, the events that transpired in this case—the accident, the alleged negligence by the manufacturer, and the date of sale—are beyond Plaintiffs' control but "[s]tatutes of repose…generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). The legislative determination that beyond a specific time a defendant should no longer be subject to liability "supersedes the courts' residual authority and forecloses the extension of the statutory period based on equitable principles." *Cal. Pub. Employees' Rets. Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2045 (2017) ("[The Supreme Court] repeatedly has stated that statutes of repose are not subject to equitable tolling."). More generally, the Court acknowledges the harsh result here—a claim foreclosed as time-barred through no fault of Plaintiffs themselves—"[b]ut the very purpose of a statute of repose is to create a settled time when such losses can no longer be subject to claims. Ample

authority establishes a governmental right to do this even though harsh results can occur…."

*Wayne v. Tenn. Valley Auth.*, 730 F.2d 392, 404 (5th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 59(e) motion to alter or amendment judgment is DENIED. Plaintiffs' request for a hearing on its motion is also DENIED.

SIGNED this 23rd day of April, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE